IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs
November 28, 2000

**STATE OF TENNESSEE, Department of Children's Services, v. D. & G. M.**

**Direct Appeal from the Juvenile Court for Hamilton County**
**No. 142,157; 142,158; 142,840; 142,841; 150,517; 150,518; 154,133; 154,134**
**Hon. Suzanne Bailey, Judge**

**FILED JANUARY 8, 2001**

**No. E1999-01359-COA-R3-CV**

The Trial Judge terminated mother's parental rights to her three minor children. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Marty M. Stone, Chattanooga, Tennessee, for Appellant, D.M.

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Assistant Attorney General, Nashville, Tennessee, for Appellee, State of Tennessee, Department of Children's Services.

**OPINION**

The Trial Judge terminated the parental rights of both parents to the three minor children and the mother, D.M., has appealed.

The Department removed the three children from the parents on June 12, 1997. The children were taken from a roach-infested home which had no lights, no water, a malfunctioning toilet, lack of food and supervision. Additionally, both parents admitted to drug problems, i.e., crack

cocaine and alcohol. Following the removal, a plan of care was developed by DCS for the mother and father which required them to have an alcohol and drug assessment and complete whatever that program recommended, as well as releasing information to DCS, to have random drug screens done, to obtain stable employment and housing, to pay child support and have regular visitation.

The record reflects that the parents made very little progress on their obligations under the plan, and the Petition to Terminate Parental Rights was filed in March of 1999 by DCS. After hearing the evidence, the Trial Judge terminated both parents' parental rights.

The standard of review of the Trial Court's findings of fact is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). No presumption of correctness attaches to the a Trial Court's legal conclusion. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

A parent's fundamental right to their children may be terminated if there is clear and convincing evidence justifying such termination under an applicable statute. *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388 (1982); *In re Drinnon*, 776 S.W.2d 96 (Tenn. Ct. App. 1988). However, the issues involving termination of parental rights are premised on the foundation of what is in the best interest of the child. *Tennessee Dept. of Human Services v. Riley*, 689 S.W.2d 164 (Tenn. Ct. App. 1984); Tenn. Code Ann. §36-1-113(c).

In this case, the Trial Court terminated the parental rights relying upon several statutory grounds, including abandonment for willful failure to pay child support and failure to substantially comply with the plan of care. The statutory ground of abandonment requires that the parent willfully failed to support or willfully failed to visit the children for four consecutive months preceding the termination petition. Tenn. Code Ann. §36-1-102 and 36-1-113(g). The uncontraverted evidence is that no support was paid by either parent at any time, and that the failure to pay was willful. The mother admitted that she had worked at least some of the time during the two years her children were in foster care, and was aware that she was supposed to send support. She gave no valid reason why she had not paid support, and when asked, she said, "I don't know, but I have given them things though." The Trial Court's finding of abandonment on this issue is supported by clear and convincing evidence. Moreover, the evidence established, as found by the Trial Court that the mother had failed to substantially comply with the plan of care. The mother presented no documentation to show that she had ever completed the drug/alcohol treatment program as required by the plan of care. A caseworker testified that the mother had never provided drug screens or a release so that the information could be obtained. She admitted that she had used drugs and alcohol after the children were removed, failed to visit the children, failed to maintain employment, and had not paid any child support. There is clear and convincing evidence to support termination, as found by the Trial Court. Moreover, the evidence supports the Trial Court's finding that the conditions which led to removal of the children still persisted, and would not likely be remedied in the future. Tenn. Code Ann. §36-1-113(g)(3). The Trial Court found that the children's chance of being adopted would diminish as they aged, and the evidence in this regard was not disputed.

In determining whether termination is in the children's best interests, the court must consider such factors as whether the parent has improved circumstances in the home to make it safe for the children to be there, whether such improvement is lasting, whether the parent has visited regularly, and whether a meaningful relationship between the parent and child has been established. Taking into account all the factors set forth in T.C.A. §36-1-113(i), the evidence is clear and convincing that the best interest of these children requires the termination of the mother's parental rights, so that the children can be placed for adoption as soon as possible.

We affirm the judgment of the Trial Court and remand, with the cost of the appeal assessed to the appellant.

_____
HERSCHEL PICKENS FRANKS, J.